

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00047-CR

_____

ALLEN TRACE JONES, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from County Criminal Court No. 4
Denton County, Texas
Trial Court No. CR-2021-07813-D

---

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

Appellant Allen Trace Jones was charged with assault causing bodily injury. Jones pleaded not guilty and was convicted by a jury. The trial court assessed a sentence of 220 days' confinement, probated for 20 months, 80 hours of community service, and a $500 fine. The trial court also assessed $270 in court costs, and $2,512 to reimburse attorney's fees and other fees. Jones appeals his conviction.

After reviewing the record and concluding that no arguable grounds for appeal exist, Jones's court-appointed appellate counsel filed a motion to withdraw as counsel and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders*; counsel has presented a professional evaluation of the entire record demonstrating why there are no arguable grounds for relief. *Id.*, 87 S. Ct. at 1400. Additionally, in compliance with *Kelly v. State*, counsel provided Jones with copies of his brief and motion to withdraw, he informed Jones of his right to file a pro se response and to review the record, he mailed Jones a pro se form to request the reporter's record and the clerk's record, and he emailed him a copy of the reporter's record and the clerk's record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).[1] We have

---

[1]Nowhere in his brief, motion, or correspondence does Jones's counsel certify that he informed Jones of his pro se right to seek discretionary review should this court declare his appeal frivolous, which is also required under *Kelly*. *See Kelly*, 436 S.W.3d at 319. We accept counsel's *Anders* brief and motion despite this omission, however, because by rule, within five days after we hand down our opinion, counsel is required to "send his client a copy of the opinion and judgment, along with notification of the

independently examined the record, as is our duty upon the filing of an *Anders* brief. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.); *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Jones has not filed a response on his own behalf. The State also declined to file a response.

After carefully reviewing the record and counsel's brief, except for a minor correction, we agree with counsel that this appeal is wholly frivolous and without merit. Our independent review of the record reveals nothing further that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

The trial court's judgment does, however, require modification regarding the reimbursement. The bill of costs reflects that the judgment's $2,512 reimbursement consists of $2,500 in attorney's fees and $12 in other fees. But the trial court's order appointing trial counsel reflects that the trial court found "indigence without

defendant's right to file a pro se petition for discretionary review under Rule 68." Tex. R. App. P. 48.4. A petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. Tex. R. App. P. 68.3(a). And a petition for discretionary review must be filed "within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals." Tex. R. App. P. 68.2(a). Accordingly, even if Jones's counsel did not provide this necessary information to Jones in his *Anders* letter, we have provided it here, and we are confident that counsel will provide the necessary information to Jones when complying with Rule 48.4. *Hill v. State*, Nos. 02-21-00184-CR, 02-21-00185-CR, 02-21-00186-CR, 02-21-00187-CR, 2023 WL 3643424, at *1 n.2 (Tex. App.—Fort Worth May 25, 2023, no pet.) (mem. op., not designated for publication).

reimbursement" and no evidence was offered at trial to demonstrate Jones's ability to pay for the attorney's fees. The trial court's order appointing appellate counsel also reflects that the trial court found "indigence without reimbursement." Thus, the court-appointed attorney's fees cannot be assessed against Jones. *See Mayer v. State*, 309 S.W.3d 552, 555–56 (Tex. Crim. App. 2010); *Jones v. State*, No. 02-21-00214-CR, 2023 WL 3017656, at *3 (Tex. App.—Fort Worth Apr. 20, 2023, no pet.) (mem. op., not designated for publication). Accordingly, we delete the $2,500 attorney's-fees reimbursement from the judgment and bill of costs.

We grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 11, 2024